COMAL COUNTY RURAL HIGH SCHOOL DISTRICT No 705 ET AL
v. MRS. HAROLD NELSON ET AL

No. A-6819. Decided July 9, 1958.
(314 S.W. 2d Series 956)

*H. A. Triesch,* of New Braunfels, for petitioners.

*Ronald Smallwood,* of San Antonio and *Warren W. Bennett,* of New Braunfels, for respondents.

*Wallace T. Barker,* District Attorney, of San Marcos, for the State.

MR. JUSTICE CULVER delivered the opinion of the Court.

In September, 1956, the Board of County School Trustees of Comal County, purporting to act under Articles 2922a, 2922c and 2922d, Vernon's Ann. Civ. Stat., called an election for the purpose of grouping several school districts into a rural high school district. In the following month a majority of the votes having been cast in favor of the proposal, the creation of District 705 was announced. Thereafter, in the spring of 1957 a board of trustees was elected for said district and a majority of the voters favored the levying of a maintenance tax and the issuance of bonds. ·

The 55th Legislature, passed a validating act applicable to District 705, effective May 10, 1957, Art. 2815-g-51. The act validated school districts theretofore created, with the following proviso:

Sec. 3. "This law shall not apply to any district which is now involved, or which within forty-five (45) days from the effective date of this law becomes involved, in litigation in any district court of this State, the Court of Civil Appeals, or the Supreme Court of Texas, in which litigation the validity of the organization or creation of such district or the consolidation or annexation of territory in or to such district is attacked; * * *."

On June 24, 1957 Mrs. Harold Nelson and others as school patrons and taxpayers, filed suit attacking the validity of the district. On the 5th day of September, 1957 the Court entered its order sustaining the plea in abatement and special exceptions and dismissed the cause. To this action of the Court respondents did not except nor give notice of appeal. Motion for a new trial was filed on the 15th day after the dismissal order of September 5th. On October 4th Mrs. Nelson and the others filed a motion for leave to file their second amended original petition and at the same time the State of Texas, through the district attorney, filed motion for leave to file petition in quo warranto. Both of these motions were overruled.

The State of Texas assigned as error that the trial court abused its discretion in denying leave to intervene and to file an information in quo warranto and the other respondents assigned as error the action of the trial court in sustaining the plea in abatement and special exceptions and dismissing the suit. The Court of Civil Appeals in effect held that the trial court had abused its discretion in denying the State leave to

intervene, held that the order dismissing the cause should be set aside and remanded the same for trial on the State's intervention. 311 S.W. 2d 500. We do not agree with this holding.

In our opinion the State's motion to intervene was not timely filed. The order of dismissal entered by the trial court on September 5th had become final subject only to the power of the Court within the following thirty days to set the order aside. Rule 329-b, T.R.C.P.* The respondent-taxpayers, had lost their right of appeal and to complain of the dismissal of their case. No plea of intervention could be filed in the cause until and unless the district judge set aside his order of dismissal and this he refused to do. We, therefore, are of the opinion that Rule 60, T.R.C.P., is inapplicable. Under the circumstances we conclude that the Court of Civil Appeals was without power to set aside the trial court's judgment of dismissal.

We do not reach or determine the question as to whether the district was "involved in litigation within forty-five days" after the validating statute became effective in which litigation the validity of the district was attacked, as contemplated by that statute, nor did the Court of Civil Appeals pass upon that question.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affrmed.

Opinion delivered July 9, 1958.

* [152 Texas 646]