**HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,**

v.

**Norman Lee GLADNEY, Appellee.**

**No. 3726.**

Court of Civil Appeals of Texas.

Waco.

May 5, 1960.

Rehearing Denied May 26, 1960.

Butler, Binion, Rice & Cook, Houston, for appellant.

Brown & Morgan, Houston, for appellee.

McDONALD, Chief Justice.

This is a Workmen's Compensation case. Parties will be referred to as in the Trial Court. Plaintiff alleged accidental injuries while acting within the course of his employment, in that an iron bar struck him

under the chin, causing a broken jaw, severe and constant headaches, blackouts and dizzy spells, and an injury to his neck. Trial was to a jury which returned a verdict for plaintiff for total permanent disability. The Trial Court entered judgment for plaintiff on the verdict on *15 June 1959*. Defendant Insurance Carrier filed motion for New Trial on *24 June 1959* and Amended Motion for New Trial on *14 July 1959*. This motion was presented, heard, and overruled on *11 August 1959*, and notice of appeal given by defendant on such date.

Thereafter, on *3 September 1959*, defendant filed instruments designated: 1) Defendant's Second and Supplemental Motion for New Trial, and 2) Defendant's Motion to Vacate Judgment. On *4 September, 1959* plaintiff filed Motion to Strike such instruments. On *8 September, 1959* the Trial Court overruled the Motion to Strike and also overruled the Second and Supplemental Motion for New Trial and the Motion to Vacate Judgment.

Defendant appeals, contending the Trial Court erred in overruling its Motion to Vacate Judgment, and Second and Supplemental Motion for New Trial.

None of the grounds for new trial alleged in the original or 1st Amended Motion for New Trial have been brought forward, the sole basis being that the Trial Court should have granted the Second and Supplemental Motion for New Trial on the ground of newly discovered evidence as alleged in such motion. Such motion relates that Defendant Insurance Company learned for the first time on *21 August 1959* that plaintiff had been hospitalized and treated for "schizophrenic reaction—paranoid type" from *21 June 1959 to 6 July 1959*; that this was a mental disorder that is generally caused by a lifelong process and may be brought about by any type of stress; that this was evidence which "should be made available to the jury, who in all probability would give it great weight and significance on the issue of the extent of plaintiff's disability."

The plaintiff filed two counterpoints: 1) This court cannot consider the assignment of error because said assignment is based on the action of the Trial Court in overruling a Motion for New Trial not timely filed. 2) The Trial Court did not err in overruling Defendant's Motion to Vacate Judgment and Second and Supplemental Motion for New Trial.

As noted, judgment in this case was entered on *15 June 1959*; Motion for New Trial filed on *24 June 1959*; Amended Motion for New Trial filed on *14 July 1959*; Motion and Amended Motion for New Trial overruled and notice of appeal given on *11 August 1959*; Second and Supplemental Motion for New Trial, and Motion to Vacate Judgment filed on *3 September 1959*; and such motions overruled on *8 September 1959*.

Defendant's Second Supplemental Motion for Rehearing and Motion to Vacate judgment were filed some *23 days* after the Amended Motion for New Trial was overruled and some *70 days* after the original Motion for New Trial was filed.

Rule 329–b Texas Rules of Civil Procedure provides: "The following rules shall be applicable to motions for new trial filed in all district courts:

"1. A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered.

"2. An original motion for new trial filed within said ten (10) day period may be amended by leave of the court. *Said amended motion shall be filed before the original motion is acted upon and within twenty (20) days after the original motion for new trial is filed. Not more than one amended motion for new trial may be filed.*"

[It should be noted that Rule 329–b provides the same as former Rule 330(k) and 330(*l*) and Arts. 2092(29) and 2092(30) Vernon's Ann.Civ.St.]

■ The foregoing rules are mandatory. Texas Livestock Marketing Ass'n v. Rogers, Tex.Civ.App., 244 S.W.2d 859, W/E Ref. n. r. e.; Traders & General Ins. Co. v. Scott, Tex.Civ.App., 189 S.W.2d 633, 635, W/E Ref. w. m. The Scott case, supra, holds:

"* * * our Supreme Court has interpreted sections 28, 29, and 30 to mean that in cases like this, the amended motion for new trial *must* be filed within 20 days after the filing of an original motion for that purpose—that the provisions of subdivision (k) (now 329–b) requiring this is mandatory and that if filed later than 20 days thereafter is ineffective for any purpose; it is a nullity. Dallas Storage & Warehouse Co. v. Taylor, Dist. Judge, 124 Tex. 315, 77 S.W.2d 1031; Millers Mutual Fire Ins. Co. v. Wilkerson, 124 Tex. 312, 77 S.W.2d 1035; Independent Life Ins. Co. of America v. Work, Dist. Judge, 124 Tex. 281, 77 S.W.2d 1036. * * *"

■ It is true that paragraph 5, Rule 329–b gives the Trial Court jurisdiction to set aside a judgment rendered by it for a period of 30 days following rendition of judgment or order overruling original or amended motion for new trial. However, in the case at bar, the Trial Court did not set aside its judgment, and it cannot enlarge the time for filing motion for new trial by refusing to set same aside. See: Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; Bunker v. Lott, Tex.Civ.App., 282 S.W.2d 879, W/E Ref. n. r. e.

■ From the foregoing it is our view that the defendant was not entitled to file the Second Supplemental Amended Motion for New Trial; that same was filed too late; and that same cannot form the basis for points of error on appeal to this court.

■ Should the Second and Supplemental Motion for New Trial and the Motion to Vacate Judgment be considered in the nature of a bill of review they can avail defendant nothing, since they do not contain the essential elements of a bill of review. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 prescribes the 3 requisite essentials which must be alleged and proved before an equitable bill of review can be invoked: 1) A meritorious defense; 2) which it was prevented from making by the fraud, accident, or wrongful act of the opposite party; 3) unmixed with any fault or negligence of his own. Defendant has shown none of the foregoing. Nothing in the motion negatives the finding of the jury that plaintiff suffered a physical disability so as to entitle him to the relief given by the jury. In fact neither of the psychiatrists who testified on the Bill of Exceptions testified that in reasonable medical probability such mental condition was of long standing duration as contended by defendant. Moreover, defendant has neither shown that it was prevented from presenting the matter of plaintiff's mental or emotional condition on the trial by fraud, accident, or wrongful act of the plaintiff; nor has defendant shown that it was free of negligence in not sooner discovering the emotional problem. Further to the foregoing the "newly discovered evidence" is *actually* only cumulative of evidence already in the record.

■■ Finally, we do not think in view of the record as a whole that the Trial Court abused its discretion in overruling defendant's motions. A motion for new trial or to vacate a judgment is addressed to the sound discretion of the Trial Court and will not be disturbed in the absence of a clear showing of an abuse of discretion. Every reasonable presumption will be made on review in favor of orders of the Trial Court refusing new trials. Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331, W/E Ref.; Allen v. Texas & N. O. Ry.

Co., Tex.Civ.App., 70 S.W.2d 758, W/E Dismd.

Defendant's point and the contentions made thereunder are overruled, and the judgment of the Trial Court is Affirmed.