**FIRST ALIEF BANK, Relator,**

v.

**The Hon. Frank O. WHITE,
Judge, Respondent.**

No. C–3546.

Supreme Court of Texas.

Dec. 12, 1984.

Russell C. Jones, Bellaire, for relator.

Morris, Tinsley & Snowden, Ronald G. Mitchell, Rokki Ford Roberts, Houston, for respondent.

PER CURIAM.

This original mandamus proceeding attacks the action of the trial court in (1) allowing a third party to intervene after judgment and (2) modifying its judgment after the expiration of the court's plenary jurisdiction. We conditionally grant the writ.

Relator, First Alief Bank, filed the underlying action to collect two promissory notes naming as defendants, Krone Construction Company and Gary and Terry Krone. The bank also filed an application for pre-judgment attachment on two tracts of land owned by the Krones. The trial court signed an order for the issuance of a writ of attachment on the two tracts. The bank thereafter filed notice of lis pendens.

The defendants appeared and answered the bank's petition but took no further action. The bank obtained a summary judgment and judgment nunc pro tunc which awarded recovery on the notes and ordered the attachment liens on the two tracts foreclosed. The defendants neither filed a motion for new trial nor perfected an appeal. The judgment became final on June 2, 1984.

While the suit was pending, the Krones sold the home on one of the tracts attached by the bank to the Hoovers. This sale was completed after the issuance of the writ of attachment and the filing of the lis pendens notice. After this sale but prior to the entry of judgment, the attorney representing the bank informed the Hoovers of the bank's action against the Krones. After judgment the attorney notified the Hoovers that the property purchased from the Krones would be sold to satisfy the bank's prior lien.

In order to block the sale of their property, the Hoovers sought to intervene in the original action on July 26, 1984, eighty-four days after Judge White had signed the judgment. The bank moved to dismiss the plea in intervention asserting that the trial court had lost jurisdiction over the cause. A hearing was held at which Judge White

overruled the bank's motion to dismiss and considered the Hoovers' arguments that their rights to the property were superior to those of the bank. On August 7, 1984, Judge White signed an order setting aside the portion of his previous judgment foreclosing the attachment lien.

■■■ In the present mandamus, the bank argues that Judge White lacked authority to entertain the Hoovers' plea in intervention and lacked jurisdiction to modify his prior judgment. We agree. Under the present facts, Judge White retained plenary power to vacate, set aside, modify or amend the judgment for a period of thirty days after he signed it. *Thursby v. Stovall,* 647 S.W.2d 953 (Tex.1983); *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980); TEX.R.CIV.P. 329b(d) and (f). Judge White's plenary power over his judgment expired on June 2, 1984, and he thereafter lacked jurisdiction to modify that judgment. Furthermore, a plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside. *Comal County Rural High School District No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956 (1958).

Judge White's order of August 7, 1984, conflicts with our holdings in *Thursby v. Stovall, supra* and *McCormack v. Guillot, supra.* Pursuant to TEX.R.CIV.P. 483, we grant the writ of mandamus without hearing oral argument. The writ will issue only if Judge White fails to vacate that order.