**AMERICAN PHYSICIANS INSURANCE EXCHANGE, Appellant,**

v.

**Araminta CARDENAS, Appellee.**

**04–86–00091–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 29, 1986.

Rehearing Denied Oct. 3, 1986.

Fred Shannon, Barbara H. Nellermoe, San Antonio, for appellant.

Pat Maloney, Sr., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

ON APPELLEE'S MOTION TO DISMISS APPELLANT'S PETITION FOR WRIT OF ERROR

REEVES, Justice.

Appellee, Araminta Cardenas, has filed a motion to dismiss appellant's petition for writ of error.

Appellee was plaintiff in a medical malpractice action against Dr. Ramon Garcia,

who is not a party to this writ of error proceeding. Appellant, American Physicians Insurance Exchange, (APIE), was, for a time, Dr. Garcia's insurer, and, in conjunction with another insurance company, furnished legal representation on behalf of the doctor. APIE determined that it had no duty to defend Dr. Garcia since the acts of his alleged negligence pled by appellee occurred prior to the time of its coverage. APIE informed the doctor that it would not afford him coverage, and that he must look to his personal attorney and counsel from the other insurance company for representation. Shortly before the trial commenced, appellee amended his pleadings and alleged that the negligent acts occurred during the time when appellant carried Dr. Garcia's malpractice insurance. Appellant was given the opportunity to re-enter the lawsuit but declined. It did, however, remain in the courtroom during the trial as an observer.

The trial was to the court, and the court found that Dr. Garcia had committed acts of negligence within the time that APIE was Dr. Garcia's insurer. Judgment was rendered against Dr. Garcia in the amount of $1,700,000.00 in actual damages plus costs and interest.

APIE now seeks by writ of error to appeal this judgment.

Although APIE was not a party to the suit and was not mentioned in the findings or judgment, it alleges in its petition for writ of error that it was, as a matter of law, virtually represented by Dr. Garcia. APIE reasons that, as Dr. Garcia's insurer, it may be bound by the judgment.

■ Generally, an appeal in the usual form or by writ of error is available only to parties of record. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex.1965). An exception to this rule exists when one is deemed a party under the doctrine of virtual representation. *Gunn*, 391 S.W.2d at 725; *Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ); *Grohn v. Marquardt*, 487 S.W.2d 214, 216 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.). This court stated in *Grohn v. Marquardt:*

It is clear that in any case in which the doctrine of representation is held to be applicable, the "represented" individual is bound by a judgment rendered in a case to which he is not a party.

487 S.W.2d at 217, *see also California & Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739, 740 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

■ APIE can be bound by the judgment rendered in favor of Cardenas. *See Rhodes v. Chicago Insurance Co., A Division of Interstate National Corp.*, 719 F.2d 116, 120 (5th Cir.1983). RESTATEMENT (2d) OF JUDGMENTS § 57 states the rules, as follows:

§ 57. Effect on Indemnitor of Judgment Against Indemnitee

(1) Except as stated in Subsection (2), when one person (the indemnitor) has an obligation to indemnify another (the indemnitee) for a liability of the indemnitee to a third person, and an action is brought by the injured person against the indemnitee and the indemnitor is given reasonable notice of the action and an opportunity to assume or participate in its defense, a judgment for the injured person has the following effects on the indemnitor in a subsequent action by the indemnitee for indemnification:

(a) The indemnitor is estopped from disputing the existence and extent of the indemnitee's liability to the injured person; and

(b) The indemnitor is precluded from relitigating issues determined in the action against the indemnitee if:

(i) the indemnitor defended the action against the indemnitee; or

(ii) the indemnitee defended the action with due diligence and reasonable prudence.

However, we are of the opinion that APIE has waived any right to appeal it might have under the virtual representation doctrine. Prior to trial it was aware that the trial court had permitted the filing of the amended petition which subjected it to liability under its contract with Dr. Garcia

and was given the opportunity to again renew its representation of its insured, but refused to change its position. The obligation of an insurance company to defend its insured is based upon the plaintiff's pleadings. *Argonaut Southwest Insurance Co. v. Maupin,* 500 S.W.2d 633, 635–36. (Tex.1973). Assuming that it did not have an obligation to defend at the time of its withdrawal, it had the duty to re-enter the case upon the filing of the amended pleading which pled acts of negligence on the part of Dr. Garcia when he was insured by appellee. *See Rhodes v. Chicago Insurance Co.,* 719 F.2d at 119.

We conclude that APIE, having rejected its right to participate in the trial court, waived the right to challenge the judgment in *Cardenas v. Garcia* by writ of error.

The cases cited by APIE in support of its argument are not in point. *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941), holds that sureties on a replevy bond may bring an appeal by writ of error from a judgment against the principal on the bond. That case turned, however, not on the doctrine of virtual representation, but on whether the sureties had participated in the trial. *Id.,* 152 S.W.2d at 1098. Had virtual representation been discussed, it is likely that the doctrine would have been held applicable. Named sureties on a replevy bond are bound by a judgment against their principal even when they did not participate in the trial. A judgment against the principal requires a judgment against the sureties. *Lindsey v. Williams,* 228 S.W.2d 243, 248 (Tex.Civ.App.—Texarkana 1950, no writ), TEX.R.CIV.P. 704. The same is not true in an insurance case when judgment is rendered only against the insured.

*Jernigan v. Jernigan,* 677 S.W.2d 137 (Tex.App.—Dallas 1984, no writ), the second case cited by APIE is likewise not in point. In that case the beneficiaries of a trust agreement sought by writ of error to challenge a judgment taken against the trustee. The court held that the beneficiaries, although not named in the judgment, were clearly bound by it since the

judgment deprived them of part of their interest in the trust fund. *Id.* at 140. The judgment in the instant case deprives APIE of nothing. Whether it is obligated to pay an amount of money to the injured party is not decided by the judgment APIE seeks to appeal; it will be decided by a judgment entered in a suit filed against APIE.

The motion to dismiss the appeal is granted; the appeal is dismissed.