**CENTRAL MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Gregory Charles DUNKER, Individually and As Next Friend for Craig Dunker, Appellees.**

**No. A14–89–307–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 1990.

Rehearing Denied Nov. 1, 1990.

---

Otto D. Hewitt, III, James D. Bashline, Evelyn T. Ailts, Kenneth J. Bower, Galveston, for appellant.

Alton C. Todd, Alvin, Charles Daughtry, Fred D. Raschke, Galveston, Carl R. Mace, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a final judgment of more than $1 Million favoring the plaintiffs in a personal injury lawsuit. Appellant brings two points alleging trial court error: (1) in entering judgment where all claims had been settled prior to trial; and (2) in abusing its discretion by denial of appellant's motion to set aside judgment where plaintiffs had compromised and settled all claims against defendant prior to trial. Appellees (plaintiffs below) bring a cross point asserting the appeal was taken for delay and without sufficient cause. Appellees seek a 10% addition to damages awarded at trial. We dismiss the appeal.

Appellees represent a minor who was injured while participating in a summer recreational program sponsored by the City of La Marque. The thirteen-year-old boy was struck in the head by a discus while he was being instructed in discus hurling. Permanent brain damage resulted. Appellees sued three parties: La Marque Independent School District; the city; and Iverson Godfrey, Jr., a volunteer program instructor ("Godfrey"). The school district was released by summary judgment prior to a bench trial held to resolve issues among the other parties. The city had a liability insurance policy (with limits of $500,000) under which Godfrey was an additional insured. The insurance carrier of that policy provided legal counsel for both the city and Godfrey. Appellant is the carrier under Godfrey's homeowner's policy which has limits of $300,000. Godfrey's carrier did not take part in the suit but attended trial and pre-trial proceedings as an observer.

Judgment was rendered for appellees against Godfrey in the amount of $1,045,-841.28 for damages and pre-judgment interest, and fault was apportioned 80% to Godfrey and 20% to the city which previously had reached a settlement with appellees. That settlement, approved by the court, involved payment by the city to appellee of $300,000 in cash with an additional $50,000 guaranteed, subject to the outcome of any judgment against Godfrey. Appellant moved to intervene twenty-five days after the final judgment was signed.[1] Appeal bond was filed with the clerk of this court eighty-eight days after the signing of final judgment. Appellees have filed a motion to dismiss this appeal for want of jurisdiction. That motion has been taken with the case.

The gist of appellant's argument on appeal is that prior to trial appellees' counsel contacted counsel for appellant and made a written settlement demand for $350,000, proposing appellant pay approximately ⅜ths of that sum on behalf of Godfrey for his release from liability, with city's insurance carrier to pay the other ⅝ths. The demand was left open for five days until November 15, 1988. Appellant claims its acceptance of the "offer" by telephone on November 15, 1988, to appellees' counsel, confirmed by a letter sent the next day.

The proposed settlement for appellant to pay ⅜ths of $350,000 was never concluded.

---

1. The motion to intervene also seeks to have the judgment set aside, asserting a defense of pre-trial settlement which should be enforced by the court.

Appellees made the court-approved alternate settlement with Godfrey and the city for $350,000. That alternate settlement provided for the city to be released, Godfrey to assign his claims against his homeowner's policy to appellees, and appellees to sign a covenant not to execute any forthcoming trial judgment against Godfrey. Also, Godfrey and the insurance company for the city each retained interests in the policy claims assigned by Godfrey to appellees.[2]

Appellant claims there was a "sham trial" below which merely laid groundwork for a subsequent lawsuit for recovery under Godfrey's homeowner's policy, alleging that counsel for Godfrey's carrier witnessed defendant Godfrey align himself with the plaintiff and put on no real defense at trial. She spoke up at trial as a stranger, an interested party, and a friend of the court. She spoke only in objection to the lack of a defense and did not alert the court to any possibility that any settlement had been reached by the parties or on their behalf. She moved for continuance to help prepare a defense for Godfrey, but her motion was denied. Appellant later filed a written motion to intervene. Appellees filed no written motion to strike appellant's written motion to intervene. The trial court docket sheet shows appellees did make an oral motion to strike intervention which was denied pending the evidentiary hearing on appellant's motions to intervene, to set aside judgment, and to enforce the settlement agreement allegedly made prior to trial between counsel for appellees and appellant's counsel. The evidentiary hearing was held sixty-eight days after final judgment was signed. Appellees moved at the beginning of the hearing and again at its ending to strike the intervention, but the court did not rule on either of those motions. The only ruling of the court below at the evidentiary hearing was a denial of appellant's motion to set aside the final judgment.

We find both a lack of standing for appellant to bring this appeal and jurisdiction of this court to hear the appeal. Appellant was neither a party of record at trial nor an intervening party thereafter.

Appellant insists that in the absence of being "stricken out" by the court, it has established itself as a proper intervenor under Tex.R.Civ.P. 60. Appellant argues that, as an intervenor, it becomes a party for all purposes including the right of appeal, citing and relying primarily upon *Hughes v. Hughes*, 473 S.W.2d 304, 306–7 (Tex.App.—Beaumont 1971), *rev'd in part on other grounds, sub nom. Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). Appellant also insists that this appeal was timely filed under Tex.R.Civ.P. 329b(g), given appellant's motion to set aside the judgment (and grant a take nothing judgment) being in the nature of a "motion to modify, correct or reform a judgment" under Rule 329b. Appellant asserts its filing of the motion to set aside judgment extends its allowed time for appeal to ninety days after signing of final judgment instead of the usual thirty days.

■ Appellant's case is distinguishable from *Hughes v. Hughes*, wherein the intervenor became a party before judgment was rendered. The law is clear. Where final judgment has been rendered, a plea in intervention comes too late and may not be considered unless and until the trial court first sets aside its final judgment. *Citizens State Bank of Sealy v. Caney Investments*, 746 S.W.2d 477 (Tex.1988); *First Alief Bank v. White*, 682 S.W.2d 251 (Tex. 1984); *Comal County Rural High School District No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956 (1958); *Express–News Corp. v. Spears*, 766 S.W.2d 885 (Tex.App. —San Antonio 1989, no writ).

■ The general rule is that a remedy by appeal is available only to parties of record. *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex.1965). In the case before us the appellant never became a party of record.

Appellee's motion to dismiss is sustained.

---

**2.** The record shows the agreement provided for the first $175,000 recovered by judgment would go to the insurance carrier for the city along with one-half of the next $350,000, and that Godfrey would receive 10% of any recovery in excess of $325,000.

This appeal is dismissed without prejudice to any defense appellant Central Mutual Insurance Company may have in any other litigation concerning the matter of Iverson Godfrey, Jr. and appellee Gregory Charles Dunker, individually, and/or as next friend of Craig Dunker.

MURPHY, Justice, dissenting.

The majority dismisses the instant appeal by concluding that appellant, who had filed a post-judgment plea in intervention and motion to set aside the judgment, had no standing to appeal and that this court had no jurisdiction to hear the appeal. Because I believe appellant had standing to appeal the judgment and that the trial court abused its discretion in denying the motion to set aside judgment, I respectfully dissent.

The majority justifies its dismissal by citing the general rule that, after entry of judgment, a plea in intervention comes too late for consideration unless the trial court sets aside its final judgment. *See Citizens State Bank v. Caney Inv.*, 746 S.W.2d 477, 478 (Tex.1988); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984); *Comal County Rural High School Dist. No. 705 v. Nelson*, 158 Tex. 564, 314 S.W.2d 956, 957 (Tex.1958); *Express–News Corp. v. Spears*, 766 S.W.2d 885, 888 (Tex.App.—San Antonio 1989, no writ). Because appellant filed its plea after entry of judgment, the majority concludes that appellant, having never become a party of record, was not entitled to the remedy of appeal. Although the general rule is that only parties of record may appeal a judgment, *Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex. 1965), an exception to this rule is applicable here. Under this exception, involving the "doctrine of representation," one may be deemed a party if "the 'represented' individual is bound by a judgment rendered in a case to which he is not a party." *American Physicians Ins. Exch. v. Cardenas*, 717 S.W.2d 707, 708 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (quoting *Grohn v. Marquardt*, 487 S.W.2d 214, 217 (Tex. Civ.App.—San Antonio 1972, writ ref'd n.r. e.).

In *Cardenas*, appellant was the insurer of a defendant but had not participated in the suit because it claimed the alleged negligent acts occurred prior to the time of its coverage. *Id.* at 708. After the trial court entered judgment adverse to appellant's insured, finding that the negligent acts occurred during the time of coverage, appellant sought to appeal by writ of error. *Id.* The appellate court found the exception involving the doctrine of virtual representation applicable because the insurer could be bound by the judgment against its insured. *Id.* Although the court ultimately held that appellant had waived its right of appeal, *id.*, *Cardenas* supports application of the exception to the instant case.

Appellant is the insurer for the defendant, Godfrey. Appellant did not provide a defense for Godfrey because the insurer for the co-defendant City provided defense counsel for Godfrey, representing that the City's policy covered Godfrey. The judgment entered against Godfrey found him responsible for 80% of the negligence and awarded appellees total damages of $1,045,841.28. As Godfrey's insurer, appellant is bound by the judgment against its insured. Thus, the exception involving the doctrine of virtual representation applies to deem appellant a party with a right to appeal. *See Cardenas*, 717 S.W.2d at 708. Furthermore, appellant did not waive its right to appeal by rejecting a right to participate in the trial court. *See id.* at 709.

Because appellant had a right to appeal, the majority should have analyzed appellant's contention that the trial court erred in denying its plea in intervention. A party seeking to intervene after the entry of judgment has a difficult burden in that it must persuade the trial court to set aside its judgment before the trial court may consider the plea in intervention. *See Citizens State Bank*, 746 S.W.2d at 478; *First Alief Bank*, 682 S.W.2d at 252; *Comal County*, 314 S.W.2d at 957; *Express–News*, 766 S.W.2d at 888. If appellant could not intervene until the judgment was set aside, however, the crucial inquiry in this case should not be appellant's status as an intervenor or the untimeliness of its plea, but the trial court's denial of appel-

lant's motion to set aside the judgment. *See Express–News,* 766 S.W.2d at 889 (Cardena, C.J., dissenting). The majority's dismissal of the appeal fails to address this critical issue.

The majority cites several intervention cases that merit further discussion. In *Comal County Rural High School Dist. No. 705 v. Nelson,* 314 S.W.2d 956, the trial court denied a motion for leave to file petition in quo warranto filed by the State of Texas after the trial court had entered an order dismissing the cause. *Id.* at 957. Because the trial judge had refused to set aside his order of dismissal, the supreme court held that the court of appeals was without the power to set aside the trial court's judgment and thus, allow the State's intervention. *See id.* The plaintiffs in *Comal,* however, had lost the right of appeal or to complain of the dismissal because they had neither excepted to the court's ruling nor filed a notice of appeal. *Id.* Thus, no practical purpose existed for allowing the State to intervene. This is significantly different from the facts in the instant case wherein the judgment apportioned eighty percent of the negligence against appellant's insured and found appellant's insured jointly and severally liable for the award of more than $1,000,000.00 in damages.

In both *Citizens State Bank v. Caney Inv.,* 746 S.W.2d 477 (Tex.1988) and *First Alief Bank v. White,* 682 S.W.2d 251 (Tex. 1984), the third parties had attempted to intervene long after the trial courts had lost the plenary power to vacate, set aside, or modify the judgments. *See Citizens,* 746 S.W.2d at 478 (petition in intervention filed almost a year after judgment entered); *First Alief,* 682 S.W.2d at 251 (intervention sought eighty-four days after judgment signed). Thus, the holdings in these cases are not dispositive in the instant case where appellant sought to intervene while the court retained plenary power to set aside the judgment.

A somewhat more analogous case is *Express–News Corp. v. Spears,* 766 S.W.2d 885 (Tex.App.—San Antonio 1989, no writ). In *Express–News,* the trial court had sealed all trial court records following entry of judgment. *Id.* at 886. Appellant sought to intervene fourteen days after the judgment was signed, asking the court to vacate the sealing order on the grounds of public right of access. *Id.* 886–87. The trial court denied appellant's attempt to intervene after a hearing and granted appellee's motion to strike the plea. *Id.* at 887. On appeal, the court acknowledged that the plea had been filed while the court had "plenary power to modify or vacate the judgment *if it chose." Id.* at 888 (emphasis in original). Yet, the court then stated that, because the plea in intervention was filed after entry of final judgment, "the trial court had no choice but to deny it." *Id.* This is an incorrect statement of the rule.

Rather than requiring a trial court to deny any post-judgment plea in intervention, the rule created in *Comal County* requires a trial judge to deny the plea only if the judgment is not set aside. *See Comal County,* 314 S.W.2d at 957. If, on the other hand, the judge sets aside the judgment, then the plea may be considered. *See id.* Thus, the pivotal question is whether the trial court erred in denying the third party's motion to set aside the judgment. *See Express–News,* 766 S.W.2d at 889 (Cardena, C.J., dissenting).

The trial court's decision to grant or deny a motion to vacate or set aside the judgment is one within the trial court's discretion and it must be upheld absent a clear showing of abuse of discretion. *Hartford Accident & Indem. Co. v. Gladney,* 335 S.W.2d 792, 795 (Tex.Civ.App.— Waco 1960, writ ref'd n.r.e.). To establish a clear abuse of discretion, appellant must show that "the trial court's action was arbitrary or unreasonable in light of all the circumstances of the particular case." *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Ins. Co.,* 458 S.W.2d 649, 651 (Tex.1970). Thus, a review of the unique circumstances in this case is in order.

At the time the injury occurred, Godfrey was a volunteer coach in a summer recreation program sponsored by the City of La

Marque. The record reveals that the City's insurer, Employers Casualty Company, admitted the City's insurance policy covered volunteer workers. Employers also notified Godfrey's insurer, appellant, that Employers was handling the claim against the City on behalf of Godfrey. Thus, counsel retained to represent the City also represented Godfrey.

Prior to trial, appellees (plaintiffs in the trial court) demanded $500,000.00 to settle the case and left this offer open until 5:00 p.m., November 15, 1988. Employers, whose policy limits were $500,000.00, advised appellant that it planned to offer $350,000.00 to appellees and it expected appellant to contribute ⅗ths of the total amount demanded. Furthermore, the record shows that, if appellant refused to contribute to this settlement, Employers intended to settle on behalf of the City and let appellees proceed to trial against Godfrey.

Documentation of telephone conversations and letters indicate that on November 15, prior to the 5:00 p.m. deadline, counsel for appellant advised appellees' counsel that it would pay $132,000.00 (⅗ths of the total); however, Employers then refused to pay the pro rata share (⅖ths) previously agreed upon and indicated willingness to pay only 50% of the total. On November 18, 1988, appellees' counsel informed appellant that its acceptance of the settlement offer did not create a contract because the settlement offer had been contingent upon Employers' willingness to pay ⅖ths of the total. Appellees' counsel also requested appellant to tender its policy limits of $350,-000.00.

Counsel for appellant testified that she learned Employers had changed its position with regard to coverage and was now claiming the City's policy did not cover Godfrey. Upon learning of this change of position, appellant unsuccessfully attempted to contact counsel for Godfrey regarding the conflict of interest in representing both the City and Godfrey. Within a few days, however, appellant learned that new defense counsel had been retained to represent Godfrey. After informing Godfrey of Employers' change of position regarding coverage, appellant advised Godfrey to retain his own attorney at appellant's expense.

On Monday, November 21, 1988, the trial court held a hearing regarding a proposed settlement agreement between appellees and the City. Under this agreement, the City agreed to pay appellees $300,000.00 and to issue a guaranty for an additional $50,000.00. A further provision of this agreement was a covenant not to execute whereby appellees agreed not to execute against the co-defendant, Godfrey. Godfrey also agreed to assign to appellees all causes of action he might have against appellant, his insurer. In return, appellees agreed to reimburse the City's insurer for the $350,000.00 payment, and to split any recovery over $525,000.00, with Godfrey receiving 10% and appellees receiving 90%. Thus, Godfrey stood to benefit from the City's settlement with appellees.

The trial court approved this agreement and immediately granted appellees' motion to remove the case from the jury docket and to set it on the nonjury docket. Appellant's counsel unsuccessfully attempted to meet with Godfrey at the courthouse prior to, and after, the hearing. Appellant learned later that evening that Godfrey refused to retain a lawyer to represent him independently.

A bench trial ensued on the following day, November 22, 1988. At trial, defense counsel for the City and Godfrey made no objections to any evidence offered by appellees and, at the conclusion of appellee's case, defense counsel rested. At this time, counsel for appellant objected to the lack of a defense on behalf of Godfrey and sought a three week continuance to prepare a defense for him. The trial court denied this request.

The trial court rendered final judgment on December 2, 1988 and on December 22, 1988, appellant filed its plea in intervention asserting that Godfrey had filed suit against appellant on December 5, thus giving appellant a justiciable interest in the case at bar. Appellant claimed it could not defend its interest through representation

**340**

of Godfrey because Godfrey had aligned himself with the plaintiffs-appellees. Appellant's plea also presented the defense of settlement, which described their acceptance of plaintiffs' settlement offer on November 15, 1988. On February 24, 1989, the trial court entered an order denying "Intervenor Central Mutual Insurance Company's Motion to Set Aside Judgment."

Appellant's motion to set aside the judgment was unlikely to succeed where trial was to the bench and the trial court knew the terms of the "Mary Carter" agreement, including the fact that Godfrey stood to benefit from it, and that appellant had sought a continuance to prepare a defense for Godfrey during trial, which the trial court had denied. Because the trial court was, or should have been, aware of the lack of a defense presented by Godfrey's counsel at trial and that appellant would be bound by the judgment against its insured, I believe the trial court acted unreasonably in denying appellant's motion to set aside the judgment. Thus, I would hold that the trial court's denial of appellant's motion to set aside the verdict, in light of the unusual circumstances involved in this case, was an abuse of discretion.