Dismissed and Memorandum Opinion filed September 20, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-11-00536-CV



 

In the Interest of K.A.P., Appellant

 



On Appeal from the 246th District
Court

Harris County, Texas

Trial Court Cause No. 2011-11924



 

MEMORANDUM  OPINION

 

This is an attempted appeal of an order in a suit
affecting the parent-child relationship signed April 5, 2011.  The petitioner,
Susan Simpson, filed a suit to obtain custody of the child, K.A.P. because the
parents of the child are incarcerated.  Appellant, Patricia Shaw, is the
child’s grandmother and was not part of the original suit.  After the order was
entered, Shaw attempted to intervene by filing a motion for new trial, and is
attempting to appeal the denial of the motion for new trial.  

A remedy by appeal is available only to parties of
record.  Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex. 1965).  In this case,
appellant never became a party of record.  She attempted to intervene by filing
a motion for new trial, but the trial court denied the motion and did not set
aside its judgment.  Where final judgment has been rendered, a plea in
intervention comes too late and may not be considered unless and until the trial
court first sets aside its final judgment.  Citizens State Bank of Sealy v.
Caney Investments, 746 S.W.2d 477 (Tex. 1988).  Because appellant was not a
party to the judgment, nor an intervening party after judgment, this court has
no jurisdiction over her appeal.  See Central Mut. Ins. Co. v. Dunker,
799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied). 

Section 102.004 of the Texas Family Code provides
that a grandparent may intervene in a pending suit affecting the parent-child
relationship, or, under certain circumstances, bring an original suit affecting
the parent-child relationship.  Tex. Fam. Code Ann. § 102.004.  Section 102.004
permits a grandparent, or another relative of the child related within the
third degree by consanguinity, to file an original suit requesting managing
conservatorship if there is satisfactory proof to the court that “(1) the order
requested is necessary because the child’s present circumstances would
significantly impair the child’s physical health or emotional development; or
(2) both parents, the surviving parent, or the managing conservator or
custodian either filed the petition or consented to the suit.”  Id. §
102.004(a).  Therefore, appellant’s remedy lies in either intervening after the
judgment is set aside, or in filing an original suit.

On
August 26, 2011, notification was transmitted to the parties of this court’s
intention to dismiss the appeal for want of jurisdiction unless appellant filed
a response demonstrating grounds for continuing the appeal on or before
September 8, 2011.  See Tex. R. App.
P. 42.3(a).  Appellant’s response fails to demonstrate that this court
has jurisdiction over the appeal.

Accordingly, the appeal is dismissed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.