# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00069-CV

**Lawrence Black, Appellant**

**v.**

**Franklin Service Stations, Inc., d/b/a J & J Towing;
and 7-Eleven Convenience Stores, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-10-011245, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case arises out of the towing of a truck from the parking lot of a 7-Eleven convenience store. Because appellant Lawrence Black lacks standing to bring this appeal, we must dismiss for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

In October 2010, the truck Black was driving broke down. Black pushed the truck into the 7-Eleven's parking lot and, after attempts to restart it failed, left it in the lot. Black asked a woman who appeared to be the store manager not to tow the truck, saying he would have it towed or repaired as soon as he could. The woman nodded, which Black took as consent to leave the truck. About five days later, the truck was still in the parking lot, and 7-Eleven had it towed. Althea Zuniga, Black's fiancé and registered owner of the truck, filed a claim against appellees for unlawful towing and storage in justice court, which ruled in her favor. Appellees appealed to the county court at law, which signed a judgment in their favor on December 9, 2010. Zuniga filed a number of post-

judgment motions, including a motion for new trial, which the county court denied by written order on January 25, 2011. On January 31, 2011, Black filed a petition in intervention and affidavit of indigence. Also on January 31, Zuniga filed a motion to join Black as a plaintiff. Appellees did not seek to strike Black's intervention attempt, but in their contest to Black's affidavit of indigence, they asserted in part that "Lawrence Black is not a party to the above-referenced lawsuit." The county court overruled appellees' contest to Black's affidavit without addressing whether Black should be allowed to intervene as a party. On February 7, Black filed a notice of appeal; Zuniga did not appeal.

On appeal, appellees have filed a motion to dismiss, arguing that Black lacks standing and therefore cannot bring this appeal. We have reviewed the cases governing when a party may intervene and agree that we must dismiss the appeal for want of jurisdiction.

Courts have consistently held that a motion to intervene filed after final judgment is rendered is barred as a matter of law.[1] *See Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *Citizens State Bank v. Caney Investments*, 746 S.W.2d 477, 478 (Tex. 1988); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984); *Comal County Rural High School Dist. v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958); *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266,

---

[1] The only exception we have found to that rule arises when a subrogee's interests have been represented adequately throughout a suit but are suddenly abandoned post-judgment. *Texas Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). In such a case, the subrogee may intervene post-judgment or on appeal " if there is neither unnecessary delay nor prejudice to the existing parties." *Id.*; *see Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 276 (Tex. App.—El Paso 2010, no pet.). That exception does not apply to this appeal, however, because there is no question of a subrogee suddenly losing representation of its interests. *See Olivas*, 323 S.W.3d at 277-78 (discussing why insurance company should not be allowed to intervene post-judgment).

276 (Tex. App.—El Paso 2010, no pet.); *Worker's Comp. Div. v. de la Zerda*, No. 03-96-00415-CV, 1997 Tex. App. LEXIS 4671, at *2-3 (Tex. App.—Austin Aug. 28, 1997, no pet.) (not designated for publication); *State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no writ); *Diaz v. Attorney General*, 827 S.W.2d 19, 22 (Tex. App.—Corpus Christi 1992, no writ); *Central Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Highlands Ins. Co. v. Lumberman's Mut. Cas. Co.*, 794 S.W.2d 600, 603-04 (Tex. App.—Austin 1990, no writ).

Black testified before the county court that he bought the truck from his employer and that he was the primary user of the truck, but that Zuniga was the registered owner. The underlying suit, in both justice and county courts, was in Zuniga's name, and Black was not named as a party in any of the pleadings. Although Black was aware of the lawsuit and, in fact, testified before the county court, he did not seek to intervene until almost two months after the trial court signed its judgment, too late to join the suit as a party. *See Highlands Ins. Co.*, 794 S.W.2d at 603-04.

We disagree with Black that this is a case of "virtual representation," as explained in *In re Lumberman's Mutual Casualty Co.*, 184 S.W.3d 718, 725 (Tex. 2006). "An appellant is a deemed party under virtual representation when: '(1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a party to the judgment.'" *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754-55 (Tex. 2003) (quoting *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999)). Although Black testified that he had bought the truck from his employer, he also testified that the truck was registered in Zuniga's name. The record does not

3

reflect that Black will be bound by the county court's judgment or that he and Zuniga have an "identity of interest." *See id.*

Although appellees never filed a motion seeking to strike the intervention and instead simply asserted in their contests to Black's affidavit of indigence that Black was not a party, our sister court in *Dunker* disagreed with a would-be intervenor's argument that it should be considered a proper party "in the absence of being 'stricken out' by the court." 799 S.W.2d at 336. The *Dunker* court held, "Where final judgment has been rendered, a plea in intervention comes too late and may not be considered unless and until the trial court first sets aside its final judgment." *Id.* Because the intervenor "never became a party of record" in that case, the appeal was dismissed. *Id.*

We have a similar situation in this case. Black filed his affidavit well after the trial court signed its judgment and even after it had signed an order denying Zuniga's motion for new trial. The county court did not set aside its judgment, and the *Ledbetter* exception does not apply to Black's attempt to intervene. *See* 251 S.W.3d at 36. As a matter of law, Black's attempt to intervene post-judgment was barred and ineffective. *See Diaz*, 827 S.W.2d at 22; *Dunker*, 799 S.W.2d at 336. We grant appellees' motion and dismiss the appeal for want of jurisdiction. *See Dunker*, 799 S.W.2d at 336.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   September 30, 2011

4