In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00124-CV


____________________



IN RE COMMITMENT OF DON DAVIS, JR. 








On Appeal from the 435th District Court


Montgomery County, Texas


Trial Cause No. 07-06-06631-CV






OPINION



 Don Davis, Jr. appeals an order modifying a judgment committing Davis as a sexually
violent predator ("SVP"). In four issues, Davis contends: (1) the trial court erred in
permitting the Council on Sex Offender Treatment (the "Council"), a state agency not
authorized by statute to sue or be sued, to intervene as a party in the commitment action; (2) 
if construed to grant the Council unrestricted discretion in imposing conditions on civilly
committed individuals, Chapter 841 of the Texas Health and Safety Code is an
unconstitutional delegation of legislative authority under Article II, Section 1 of the Texas
Constitution; (3) if the Council had standing in these proceedings, the trial court abused its
discretion in refusing to join the Council as a party to the suit; and (4) if the Council is
recognized as a distinct legal entity, the trial court erred in permitting the Council to
intervene because the Council could not have brought the action in its own name.

 The State, acting through the Special Prosecution Unit - Civil Division, filed its
original petition to commit Davis as a sexually violent predator, or SVP, in June 2007. Davis
filed a pre-trial motion for "Joinder of Persons Needed for Just Adjudication" in which he
sought to join the Council on Sex Offender Treatment as a third-party defendant, alleging
that the State Prosecuting Attorney lacked authority to control the case without the Council's
approval. The Council filed an answer and a motion to dismiss. The trial court dismissed
the Council on September 5, 2007.

 The trial court signed an agreed final order of commitment on October 17, 2007. The
judgment required that Davis "participate in and comply with a specific course of
treatment[.]" The judgment ordered that a treatment plan be developed by the treatment
provider with the approval of the Council.

 On November 14, 2007, Davis filed a motion to modify the judgment. In his motion,
Davis complained that he was not provided fair notice of the specific treatment plan he is
required to follow, and complained of two items on his proposed treatment plan, namely, the
requirement that he not possess or display pictures of children without prior approval from
the case manager and treatment provider, and that he agree to audio or video recording of his
sessions.

 On January 9, 2008, the Council on Sex Offender Treatment filed a motion to modify
the final judgment that sought to modify Davis's commitment requirements by requiring
Davis to participate in and comply with a specific course of treatment determined by the
Council on Sex Offender Treatment or Davis's case manager. (1)

 The trial court conducted a hearing on both motions. The Council's representative at
the hearing suggested that Davis's motion was premature because his treatment program
would not be developed and individualized until Davis's release from prison, approximately
six months after the date of the hearing. The Council suggested the judgment should specify
that the Council was the entity that would determine the specific course of treatment Davis
would be required to follow. In a brief filed with the trial court, Davis argued that the
Council lacks standing to file a motion to modify the commitment order. Davis also argued
that the proposed change was redundant because language elsewhere in the order required
that a treatment plan be developed. On February 11, 2008, the trial court signed a "Modified
Final Judgment and Order of Civil Commitment" that required Davis to "participate in and
comply with a specific course of treatment as determined by the Council on Sex Offender
Treatment[;]" and "follow the appropriate written supervision requirements of the CSOT
(Council on Sex Offender Treatment) and/or the Case Manager[.]"

 In his first issue, Davis contends the Council is simply an agency of the State of
Texas, not empowered to sue or be sued and thus lacking standing to file and present a
motion to amend the judgment of civil commitment. The Council is within the Texas
Department of State Health Services. See Tex. Occ. Code Ann. § 110.051 (Vernon Supp.
2008). "The Council on Sex Offender Treatment is responsible for providing appropriate and
necessary treatment and supervision through the case management system." Tex. Health
& Safety Code Ann. § 841.007 (Vernon Supp. 2008). The provisions for implementing the
Council's duties are located in Chapter 810 of the Texas Administrative Code. See 22 Tex.
Admin. Code §§ 810.1 - 810.275 (2009). The Council contracts for treatment and
supervision service providers. See 22 Tex. Admin. Code § 810.181. A case manager is a
person employed by or under contract with the Council to perform duties related to outpatient
treatment and supervision of a person committed under Chapter 841. Tex. Health &
Safety Code Ann. § 841.002(3) (Vernon Supp. 2008). A case manager reports directly to
the Council through the Council's executive director or the director's designee, and is
authorized to communicate with law enforcement, prosecutors, and the judge having
jurisdiction over the person's commitment, and to make recommendations to the judge
concerning whether to allow a change of the committed person's residence or "any other
appropriate matters" relating to the SVP's civil commitment. See Tex. Health & Safety
Code Ann. § 841.083(e) (Vernon Supp. 2008); 22 Tex. Admin. Code § 810.182. Thus, the
statutory and administrative mechanism for SVP commitments contemplates communication
between the judge and the Council through the Council's agent. There is, however, no
provision in either Chapter 841 of the Health and Safety Code or Chapter 810 of the Texas
Administrative Code for the Council to participate as a party in a commitment proceeding. 
Rather, the parties to the commitment proceeding are the State, acting through the civil
division of the Special Prosecution Unit, and the committed person, represented in this
instance by the State Counsel for Offenders. The Council's function is not adversarial, but
is administrative and regulatory. See Tex. Occ. Code Ann. § 110.151 (Vernon Supp. 2008). (2) 
 Davis argues that the Council, by filing a motion through its assistant general counsel,
"was in fact initiating legal action" without the consent of the Attorney General. In this case,
however, the legal action is the commitment proceeding that was initiated through the civil
division of the Special Prosecution Unit, which is by statute responsible for initiating and
pursuing civil commitment proceedings under Chapter 841. See Tex. Health & Safety
Code Ann. § 841.004 (Vernon Supp. 2008). The Special Prosecution Unit participated in
the hearing that resulted in the order from which Davis has appealed. Furthermore, the trial
court retains jurisdiction over the committed person, and the requirements imposed in an
order of commitment "may be modified at any time after notice to each affected party to the
proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(d),(e) (Vernon
Supp. 2008). The trial court retained both personal jurisdiction over Davis and subject matter
jurisdiction over the civil commitment regardless of the presence or lack of authority for the
Council to file a formal motion in district court. See id. Because the trial court retains
jurisdiction and the power to modify the commitment requirements at any time, the trial court
could do so regardless of whether the Council (or the State through counsel for the Council)
lacked standing to file formal pleadings in the case.

 Having determined that the trial court had the authority to modify the order
committing Davis to out-patient treatment and supervision, we must determine whether our
appellate jurisdiction extends to this appeal. The trial court modified that part of the
judgment that imposed the commitment requirements set forth in Section 841.082(a) of the
Health and Safety Code. See Tex. Health & Safety Code Ann. § 841.082(a). Those
requirements may be modified at any time, upon notice and a hearing. Tex. Health &
Safety Code Ann. § 841.082(e). We considered a similar issue when a committed person
filed notice of appeal from a commitment order signed following biennial review of the order
of commitment. See In re Commitment of Richards, 202 S.W.3d 779, 785 (Tex. App.--Beaumont 2006, pet. denied). In Richards, the trial court modified the order from requiring
that Richards reside in Harris County to requiring that he reside in a halfway house in Harris
County. Id. at 784. The modification in Richards concerned the requirement found in
section 841.082(a)(1). See Tex. Health & Safety Code Ann. § 841.082(a) ("The
requirements shall include: (1) requiring the person to reside in a Texas residential facility
under contract with the council or at another location or facility approved by the council[.]").
Because the trial court retained jurisdiction over Richards's case and the order could be
amended upon notice and hearing, we held that the biennial review order did not finally
dispose of Richard's complaint regarding where he is to reside. Richards, 202 S.W.3d at
786. We dismissed Richards's appeal from the modified order of commitment.

 Here, the modification concerns the requirement found in Section 841.082(a)(4). See
Tex. Health & Safety Code Ann. § 841.082(a) ("The requirements shall include:
. . . (4) requiring the person's participation in and compliance with a specific course of
treatment[.]"). Both this case and Richards concern a judgment modifying one of the
mandatory requirements for commitment of a sexually violent predator. Two features
distinguish Richards and this case. In Richards the trial court modified the commitment
terms following the biennial review. Richards, 202 S.W.3d at 782; see Tex. Health &
Safety Code Ann. § 841.102 (Vernon 2003). Here, the modified judgment was signed 117
days after the trial court first signed an order of commitment. In Richards, the modified
order lacked unmistakable language of finality. Richards, 202 S.W.3d at 786. Here, the
modified judgment contains unmistakable language of finality, to wit: "This [is] a FINAL
JUDGMENT as contemplated in Lehmann v. Har-Con [Corp.], 39 S.W.3d 191 (Tx. 2001)."

 Significant in our analysis in Richards was the fact that Chapter 841 does not
expressly provide for appealing a biennial review order. Richards, 202 S.W.3d at 784, 786. 
We found it significant that Richards only challenged the trial court's decision to modify a
commitment requirement and did not challenge the trial court's probable cause
determination. Id. We noted that the trial court could amend its order at any time without
conducting a conventional trial. Id. at 785. Finally, we noted the lack of statutory language
giving a committed person the right to appeal a modified order. Id. at 786. These
considerations are replicated in this case. Chapter 841 does not expressly provide for
appealing from the modification of the judgment, Davis challenged only the modification of
one of the commitment requirements and does not contend he is entitled to release, and the
trial court did not conduct a conventional trial.

 This case presents features that are generally appealable and were not present in
Richards. In Richards, we noted that the biennial review order lacked language indicating
the trial court's intention that it function as a final judgment. Id. at 786. In Davis's case,
however, the trial court did expressly state that it intended that the order function as a final
judgment. See Lehmann, 39 S.W.3d at 200 ("But if that intent is clear from the order, then
the order is final and appealable, even though the record does not provide an adequate basis
for rendition of judgment."). The judgment also maintains the language from the original
judgment, including the recitation of the October 17, 2007, trial date and the stipulation of
evidence from the trial. Furthermore, the trial court neither added nor deleted a substantive
requirement to its order, but reworded a requirement found in the original judgment to clarify
that the specific course of treatment Davis was required to comply with is the treatment plan
developed by the Council and ordered elsewhere in the judgment. Thus, the modified order
functions more like a judgment nunc pro tunc than the biennial review order, the purpose of
which was to continue the term of the commitment. If the trial court modifies its judgment,
the time for appeal runs from the time the modified judgment is signed, but no complaint may
be heard on appeal that could have been presented in an appeal from the original judgment. 
See Tex. R. Civ. P. 329b(h); see also Clare Constat, Ltd. v. Swinburn, No. 07-04-0277-CV, 
2006 WL 708232, at *1 (Tex. App.--Amarillo Mar. 20, 2006, pet. denied). We conclude that
Davis's notice of appeal invokes our appellate jurisdiction regarding the modification of the
original judgment.

 Davis contends the trial court erred in allowing the Council to "intervene as a separate
and distinct party to this action." This commitment proceeding was brought by the civil
division of the Special Prosecution Unit, in accordance with Section 841.004. See Tex.
Health & Safety Code Ann. § 841.004. Pursuant to Section 841.082, the trial court
retained jurisdiction over Davis and was statutorily authorized to modify the requirements
imposed by the commitment judgment. Tex. Health & Safety Code Ann. § 841.082(d),(e)
(Vernon Supp. 2008). A trial court may reconsider an order as long as a case is still pending. 
See generally In re Baylor Med. Ctr. at Garland, 280 S.W.3d 227, 228 (Tex. 2008). Because
the trial court retained both personal jurisdiction over Davis and subject matter jurisdiction
over the civil commitment and the parties received notice of the proposed modification and
were provided an opportunity to be heard, the trial court did not commit reversible error
when it modified the judgment. The presence or lack of authority for the Council to file a
formal motion in district court had no effect on either the trial court's decision-making
authority or its decision to modify the order. We overrule issue one.

 In his second issue, Davis contends Chapter 841 is an unconstitutional delegation of
legislative authority. See Tex. Const. art. II, § 1; Tex. Const. art. III, § 1. Davis did not
present his separation of powers challenge to the trial court. Accordingly, the issue is not
preserved for appellate review. Tex. R. App. P. 33.1. We overrule issue two.

 Davis's third issue argues that, if the Council has the standing to pursue a motion to
modify the judgment, then the trial court abused its discretion in refusing Davis's request to
join the Council as a party. Davis filed his request to join the Council before the trial court
signed the original judgment in the case. Therefore, the issue is one that could have been
raised on appeal from the judgment signed October 17, 2007. Because Davis did not appeal
that judgment, no complaint may be heard on appeal that could have been presented in an
appeal from the original judgment. Tex. R. Civ. P. 329b(h). We overrule issue three.

 Davis's final issue contends the trial court erred in permitting the Council to intervene
after Davis's initial commitment to outpatient sex offender treatment. Citing First Alief Bank
v. White, Davis argues that the motion, having been filed after judgment, was filed too late
to effectively bring the Council into the case. See First Alief Bank v. White, 682 S.W.2d 251,
252 (Tex. 1984). In First Alief Bank, the subsequent purchasers of a home subject to a notice
of lis pendens filed a petition in intervention in a suit after the judgment became final and a
writ issued on an attachment lien. Id. at 251. The trial court heard the motion and set aside
that part of the judgment that foreclosed on the attachment lien. Id. at 252. The Supreme
Court held the trial court both erred in modifying its judgment after its plenary power expired
and erred in permitting a plea in intervention to be filed before the judgment had been set
aside. Id. In this case, the Council filed the motion while the trial court retained its plenary
jurisdiction over the judgment. Although the trial court had not set aside its prior judgment
when Council moved to modify the judgment, this case concerns a special statutory
procedure established by Chapter 841 of the Health and Safety Code. The applicable statute
allows the trial court to modify the requirements of the commitment at any time. See Tex.
Health & Safety Code Ann. § 841.082(e). The trial court gave the parties notice and an
opportunity to be heard, as required by the statute. Id. We hold the trial court did not abuse
its discretion. We overrule issue four and affirm the judgment.

 AFFIRMED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on April 9, 2009

Opinion Delivered June 25, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The judgment required Davis to "participate in and comply with a specific course of
treatment[.]" The Council requested the order be changed to require Davis to "follow
appropriate written supervision requirements of the Council on Sex Offender Treatment
and/or the case manager."
2. Section 110.151, Texas Occupations Code, provides as follows:


 The council shall: (1) develop treatment strategies for sex offenders by
evaluating in-state and out-of-state programs for sex offender treatment; (2)
set standards for treatment of sex offenders that must be met by sex offender
treatment providers to be eligible for a license under this chapter; and (3)
recommend to licensing and regulatory boards and to the directors of current
programs methods of improving programs to meet council standards.