NO. 07-09-00222-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 

 MARCH 12, 2010



 



 

THE STATE OF TEXAS, APPELLANT

 

v.

 

CHAPMAN CHILDREN'S TRUST I, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO 1
OF POTTER COUNTY;

 

NO. 81,106-1; HONORABLE W. F. (CORKY) ROBERTS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellee,
the Chapman Children=s Trust I, filed a motion to enforce an agreed
judgment affecting it and appellant the State of Texas.  The State filed a plea to the jurisdiction
which the trial court denied.  The State
now brings this interlocutory appeal challenging the trial court=s order.  We will affirm.   

Background

On November 16, 2000, the trial court
signed an agreed judgment in a condemnation proceeding brought by the State
against the Trust, in which the State acquired land for construction of a part
of Loop Highway 335 near Amarillo.  The
agreed judgment determined the compensation to be paid by the State, and
addressed future construction events. 
Among other things, the judgment provided: 

[The Trust] will give all necessary right-of-way for one way frontage
roads, turnaround under the BNSF Railway Bridge and future Coulter Street
interchange with Loop Highway 335, each to be built by TxDOT,
at [the State's] costs, in the area agreed to by George Chapman and TxDOT as needed.

The Trust’s
motion to clarify and enforce the agreed judgment, filed in the same cause, alleged the agreed judgment obligated the State to Ainstall
an overpass with one-way frontage roads at the then future Coulter Street
interchange with Loop Highway 355.@  The motion sought an
order declaring these improvements had become Aneeded@ and compelling the State to Aimmediately@ undertake construction.  The State filed a plea to the jurisdiction
which was denied.  It challenges this
ruling by interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8)
(Vernon 2008).[1]

Analysis

Through a single issue the State
contends the trial court is without jurisdiction to consider the Trust=s motion.  It argues the motion is an attempt by the
Trust to obtain relief beyond the scope of the agreed judgment and the motion contravenes the State=s sovereign immunity from
suit.

A plea to the
jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction.  Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004).  Whether the trial court lacks subject-matter
jurisdiction is a question of law we review de novo.  State v. Holland, 221
S.W.3d 639, 642 (Tex. 2007).  A
plea to the jurisdiction may be presented as either an attack on the
sufficiency of the pleadings, as the State does here, or an evidentiary attack
on the existence of jurisdictional facts. 
See Texas Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226-27 (Tex. 2004).  We liberally construe the plaintiff=s petition,
looking to the pleader=s intent. 
Holland, 221 S.W.3d at 642-43.  

The Trust’s underlying motion to
clarify and enforce is its second effort to enforce the 2000 agreed
judgment.  In 2007, the Trust filed a
similar motion, which the trial court granted in July of that year.  On the State=s appeal, we vacated the 2007 order, finding it included a
requirement not contained in the agreed judgment.  We applied case law holding that an enforcement
order may not be inconsistent with the judgment enforced and must not
constitute a material change in substantial adjudicated portions of the
judgment.[2]  See State v. Chapman
Children=s Trust I, No. 07-08-0050-CV, 2008 WL 4508767 (Tex.App.BAmarillo Oct. 8,
2008, no pet.) (mem. op.).

In its current appeal, the State
contends that Chapman’s 2009 motion also seeks relief beyond that permitted in
an enforcement order.  It argues the
trial court cannot grant the relief the Trust seeks without making a substantial
change in the agreed judgment or adding obligations to it.  Thus, the State concludes, the trial court
lacks jurisdiction to consider the motion. 
In support, the State cites First Alief Bank v. White, 682 S.W.2d 251 (Tex. 1984) (orig.
proceeding, per curiam) and Kenseth v. Dallas County, 126 S.W.3d 584 (Tex.App.—Dallas
2004, pet. denied).  Neither case
supports the State’s contention.  In both
cases, the appellate courts found orders entered by the trial courts exceeded
their authority, but those determinations were made after the orders were
entered.  First Alief Bank,
682 S.W.2d at 251, 252 (mandamus review of order); Kenseth, 126 S.W.3d at 599-600 (review on appeal of orders signed outside
plenary power).  A trial court has
both inherent and rule-given power to enforce its judgments.  See Tex. R. Civ. P. 308; Arndt v.
Farris, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding) (inherent
enforcement power).  If the trial court here enters an
order on the Trust’s motion that exceeds the court’s authority, the error can
be corrected on appeal, as occurred with the 2007 order.

With respect to the State’s
contention sovereign immunity deprives the trial court of jurisdiction to
consider the Trust’s motion to clarify and enforce the agreed judgment,[3]
we find guidance in the supreme court=s plurality
opinion in Texas A
& M UniversityBKingsville v. Lawson, 87 S.W.3d 518 (Tex. 2002).  Lawson, a faculty member, sued the university
alleging, among other things, violations of the Whistleblower Act.[4]  Id. at 518-19.  The parties reached a settlement.  Lawson released his claim and the case was
dismissed with prejudice.  Id. at 519. 
Later, Lawson sued the university alleging breach of the settlement
agreement.  The university filed a plea
to the jurisdiction claiming sovereign immunity.  Id. 
It was denied and the order affirmed by the court of appeals.  

On the university=s petition for review, the supreme court noted:

[W]hen a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the
claim with an agreement on which it cannot be sued.  The government cannot recover waived immunity
by settling without defeating the purpose of the waiver in the first place. 

Lawson, 87 S.W.3d at 521. 
It accordingly held, A[H]aving
waived immunity from suit in the Whistleblower Act, the State may not now claim
immunity from a suit brought to enforce a settlement agreement reached to
dispose of a claim brought under that Act.@  Id.
at 522-23.  To hold otherwise, Awould limit settlement agreements
with the government to those fully performed before dismissal of the lawsuit
because any executory provision could not thereafter
be enforced.@  Id. at 521.

Here, the agreed
judgment settled a suit in condemnation brought by the State against the
Trust.  Article 1, section 17 of the
Texas Constitution requires the condemnor in an
eminent domain action make adequate compensation for the property taken.[5]  The Fort Worth Court of Appeals applied Lawson to the settlement of an eminent
domain proceeding, holding a city was not immune from a subsequent action for
breach of the settlement agreement.  City of
Carrollton v. Singer, 232 S.W.3d 790, 800 (Tex.App.BFort Worth 2007,
pet. denied).  We also find
the Lawson opinion provides a
sufficient answer to the State’s contention its agreed judgment settling its
condemnation proceeding against the Trust cannot be judicially clarified or
enforced because of sovereign immunity.[6]

The State makes other arguments in
support of its sovereign immunity claim, including a contention the agreed
judgment is so indefinite as to be unenforceable as a
contract. But A[i]mmunity from suit does not turn on the validity of the
settlement agreement sued on.@  Lawson, 87 S.W.3d at
523.  As a dilatory plea, a plea
to the jurisdiction should be decided without delving into the merits of the
case.[7]  Bland Ind. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).   Moreover, none of the State’s additional
arguments convince us our application of Lawson
here is mistaken.

We find the trial court did not err
in overruling the State=s plea to the jurisdiction on this
ground, and so overrule the State’s sole issue. 

Conclusion

The trial court’s
order denying the State=s plea to the jurisdiction is affirmed.

 

                                                                                                James
T. Campbell                                                                                                                                     Justice

 

 

 

            








 











[1]  Hearing of the motion and all other trial court proceedings are stayed
pending resolution of the appeal.  Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(b) (Vernon 2008).





[2]
See Harris
County Appraisal Dist. v. West,
708 S.W.2d 893, 896 (Tex.App.--Houston [14th Dist.]
1986, orig. proceeding) (citing Various
Opportunities, Inc. v. Sullivan Investments, Inc., 677 S.W.2d 115, 118 (Tex.App.--Dallas
1984, no writ).  We cited also Bank
One, N.A. v. Wohlfahrt, 193 S.W.3d 190, 194-95 (Tex.App.--Houston [1st Dist.] 2006, no pet.) for the proposition that a
post-judgment enforcement order may not add obligations to those required by
the judgment.





[3]
Because
immunity from suit affects the court=s jurisdiction, it
is properly raised in a plea to the jurisdiction.  Wichita Falls State
Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  

 





[4]  Tex. Gov=t Code Ann. ' 554.001-.010 (Vernon 2004).





[5]
In pertinent part, Article 1,
section 17 of the Texas Constitution provides that A[n]o person=s property shall be taken, damaged or
destroyed for or applied to public use without adequate compensation being made
. . . .@ 
Tex. Const. Art. I, ' 17.





[6] That the Trust seeks clarification or enforcement of
the agreed judgment in the same cause, rather than in a later-filed separate
suit for breach as in Lawson, 87
S.W.3d at 523, and Singer, 232 S.W.3d
at 794, further weakens the State’s sovereign immunity claim. 

 





[7] Accordingly, we do not consider, and express no
opinion on, the correctness of the Trust’s contentions regarding the meaning of
the language of the agreed judgment.