ACCEPTED
06-16-00001-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/6/2016 5:30:34 PM
DEBBIE AUTREY
CLERK

NO. 06-16-00001-CV

IN THE
SIXTH COURT OF APPEALS
AT
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/7/2016 8:43:00 AM

DEBBIE AUTREY
Clerk

CARL STORCK AND VICKI STORCK
v.
TRES LAGOS PROPERTY OWNERS' ASSOCIATION, INC.

IN CAUSE NO. 10,964
FROM THE SIXTY-SECOND JUDICIAL DISTRICT
FRANKLIN COUNTY, TEXAS

**APPELLANTS' BRIEF**

Gene Stump
SBOT No. 24048824
P.O. Box 606
Mount Vernon, TX 75457
Ph: (903) 305-9079
Fax: (903) 588-2272
ATTORNEY FOR APPELLANTS

July 6, 2016

## IDENTIFICATION OF PARTIES AND COUNSEL

Trial Court level:

(A)   *Appellants and Plaintiff/Counterdefendants*
Carl and Vicki Storck

*Counsel for Plaintiff*
Gene Stump
Attorney at Law
P.O. Box 606
Mount Vernon, TX 75457
Ph: (903) 305-9073
Fax: (903) 588-2272
genestump@yahoo.com

(B)    *Defendant/Counterplaintiffs*
Tres Lagos Property Owners' Association, Incorporated
153 Azalea Lane
Mount Vernon, TX 75457
Pro se

(C )   *Appellee and Intervenor*

Larry Wright
 Attorney at Law
P.O. Box 144
Winnsboro. TX 75494
Ph: (903) 342-1089
Fax: (903) 342-1088
Pro se
lawyerwright@msn.com

2

# TABLE OF CONTENTS

Identity of parties and counsel………………………………….…….…2

Table of contents……………………………………………….……..3

Index of authorities…………………………………………….……4

Statement of the case…………………………………………………...5

Issues presented………………………………………………………...7

Statement of facts……………………………………………………....8

Summary of the argument……………………………………………..9

Argument
      Point presented for review number one……………………..10

THE COURT SHOULD SET ASIDE THE JUDGMENT IN THIS CASE
DUE TO POST-JUDGMENT INTERVENTION

Prayer……………………………………………………………14

Appendix………………………………………………………..after 15
     Certificate of Service
     Certificate of Compliance

# INDEX OF AUTHORITIES

(*Guaranty Federal Savings Bank v. Horseshoe Operating* 793 S.W.2d 652, at 657 (Tex 1990)). …………………………………………………….10

(*First Alief Bank v.White* , 682 S.W.2d 251, at 252 (Tex 1984))…………..10

Civil Practice and Remedies Code Section 31.002………………………..11

*Texas Mutual Insurance Company v. Olivas*, 251 S.W.3d 31, at 36 (Tex 2008))..................................................................................................11

Texas Rules of Appellate Procedure Section 24.2(a)(1)……………………12

## STATEMENT OF THE CASE

This is an appeal to set judgment aside due to post-trial intervention. Appellants are Carl Storck and Vicki Storck, and Appellee is Larry Wright, Intervenor. This is an appeal out of the 62nd Judicial District in Franklin County, Texas.

This case was originally tried before the court and appealed to the Sixth Court of Appeals. Appellants appealed to the Supreme Court of Texas and petition was denied. After the appeal in this case, the trial ruled in a subsequent case, Cause Number 11,223, that the Board of Directors of Tres Lagos Property Owners' Association, Incorporated (TLPOA) was invalid, and that all actions taken by the TLPOA Board of Directors since September 29, 2007, are void, which time includes the duration of this lawsuit ( Cl. Rec. at 13,15).

Appellants filed a Motion to Release Cash Bond to Appellants and subsequent amended motions (*id* at 5, 10, 51). The cash bond in question was tendered by Appellants for purposes of Writ of Supersedeas for appeal (*id* at 5). TLPOA released the Judgment in the case by board resolution and filed an affidavit for Release of Judgment signed with authority by the Treasurer of TLPOA (*id* at 26, 28). Another affidavit for Release of

5

Judgment was signed by the association President and filed (*id* at 62).

Attorney Larry Wright, former attorney for TLPOA, filed a Petition in

Intervention seeking to intervene, have release of judgment set aside, and for

the cash bond to be released to him for attorney fees.   The trial court set

aside the release of judgment and allowed intervention, ordering the cash

bond to be released to Larry Wright (*id* at 84).  Appellants filed Motion for

New Trial and Notice of Appeal ( Cl. Rec. at 95, 93).

## ISSUES PRESENTED

I.  Whether the Court should set aside Judgment in this case due to post-judgment intervention.

## STATEMENT OF FACTS

After the appeal process, the trial court ruled in Cause Number 11,223 that the TLPOA Board of Directors were an invalid board of directors as of September 29, 2007, and that all actions taken by the TLPOA Board since that time were void ( Cl. Rec at 13, 15).  This time period encompasses the entire duration of this lawsuit.  Appellants filed a motion and amended motions to release the cash bond that was tendered to the registry of the trial court for purpose of issuance of a Writ of Supersedeas on appeal (*id* at 5, 10, 51).

TLPOA released the Judgment in this case by board resolution and an affidavit for Release of Judgment signed with authority by the association's Treasurer (*id* at 26, 28).  Attorney Larry Wright petitioned the court to allow post-judgment intervention, to set aside Release of Judgment, and release the cash bond in question to him.  Another affidavit for Release of Judgment was signed by the association President and filed (*id* at 62).  The trial court granted post-judgment intervention, set aside the Release of Judgment, and ordered the cash bond to be released to Larry Wright (*id* at 84).

8

## SUMMARY OF THE ARGUMENT

I.  The Court should set aside judgment in this case due to post-judgment intervention.

ARGUMENT

I.

## THE COURT SHOULD SET ASIDE THE JUDGMENT IN THIS CASE DUE TO POST-JUDGMENT INTERVENTION

The Court should set aside the Judgment in this case due to post-judgment intervention. Post-judgment intervention may be brought only by a party who could have brought all or part of the same action in its own name, or, if the action had been brought against it (intervenor), the intervenor is not a proper party who would have been able to defeat recovery (*Guaranty Federal Savings Bank v. Horseshoe Operating* 793 S.W.2d 652, at 657 (Tex 1990)). Larry Wright in this case was not a member of Tres Lagos Property Owners' Association, Inc., during the time of this lawsuit and therefore had no standing to bring the claims of this lawsuit against Plaintiffs or be sued by Plaintiffs as a member or representative of the POA. Larry Wright could not have sued Plaintiffs for any claims in this lawsuit.

A Petition in Intervention filed post-judgment may only be considered if the trial court sets aside the judgment, unless an exception applies (*First Alief Bank v.White* , 682 S.W.2d 251, at 252 (Tex 1984)). A Petition in

Intervention is too late unless a) intervenor does not attack the existing judgment but seeks to protect property interests under Civil Practice and Remedies Code Section 31.002, or b) intervenor is a subrogee whose interest is at first adequately represented by someone else who later abandoned the claim (*Texas Mutual Insurance Company v. Olivas*, 251 S.W.3d 31, at 36 (Tex 2008)).

Civil Practice and Remedies Code Section 31.002 states that collection of judgment through court proceedings by a judgment creditor only applies if the property cannot be readily attached or levied by way of ordinary legal process, or is not exempt from attachment, execution, or seizure. The attorney fees originally assessed by the Court in this case were attached to the Final Judgment and the Abstract of Judgment filed in this case. Furthermore, a money judgment is generally not exempt from attachment, execution, and/or seizure. The Judgment in this case was in favor of TLPOA, not Larry Wright. In that regard, Larry Wright has obtained a judgment against TLPOA for the entire amount of attorney fees assessed in this case (*1ˢᵗ Supp. Cl. Rec.*), and intervention in this case is improper and not permitted by law. Therefore, Civil Practice and Remedies Code Section 31.002 does not permit this exception.

This case is not a lawsuit dealing with subrogation issues or any subrogated rights. This lawsuit was between two parties, with no third-party claims, no payment of damages by a third-party, and therefore does not fall under the subrogee exception. No evidence of a subrogee has been submitted in this case, and, as this Writ of Supersedeas was secured by a cash bond held in the registry of the Court, no property interest of any kind has been abandoned.

The cash bond held by the trial court for Writ of Supersedeas cannot be held in constructive trust for Larry Wright because attorney fees are not part of the cash bond pursuant to Texas Rules of Appellate Procedure 24.2. According to Texas Rules of Appellate Procedure Section 24.2(a)(1), a bond for purposes of appeal shall include only compensatory damages, interest for the estimated duration of the appeal, and costs, not attorney fees. Therefore, attorney fees are not part of the cash bond tendered for Writ of Supersedeas in this case, and cannot be considered held in constructive trust for attorney fees.

Furthermore, Larry Wright testified at this hearing that he had not been paid anything toward attorney fees awarded in this case ( *Ct. Rep. Vol. 1, p. 8*). However, at the original trial, Larry Wright elicited testimony on

12

direct examination that he had been paid partial payments in this matter by TLPOA ( *Ct. Rep. Vol. 2, p. 177, Motion for Declaratory Judgment and Trial*).  In respect to the trial court setting aside the release of judgment, no evidence was presented which would allow the trial court to enter such judgment (*see Ct. Rep., Vol. 1*).

The Court should set aside judgment in this case due to improper post-judgment intervention.

13

## PRAYER

Appellants respectfully pray the Court to set aside the Judgment in this case due to post-judgment intervention.

**APPENDIX**

Certificate of Service

I hereby certify that a true and correct copy of the above Appellants'

Brief will be served the following individuals by Certified Mail, Return

Receipt Requested, within two (2) business days of electronic filing and

acceptance on July 6, 2016.

Larry Wright
Attorney at Law
P.O. Box 144
Winnsboro, TX 75494
CRRR#7012 3050 0000 6608 7854

Tres Lagos Property Owners' Association, Inc.
153 Azalea Lane
Mount Vernon, TX 75457
CRRR#7012 3050 0000 6608 7861

                                                        /s/ Gene Stump
                                                         Gene Stump

Certificate of Compliance

I hereby certify, to the best of my ability, that this Petition for Writ of Mandamus contains 1598 words.

                                                         /s/ Gene Stump
                                                         Gene Stump